IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DORSEY TAYLOR SR., et, el;

Plaintiff,

vs.

STATE OF NEB., et-el; NEB. DEPT. OF CORRECTIONS & EMPLOYEES, some named, others not; AMBER GIGSTOEL, SHELLY HAYES, SWOBODA, Sgt; SARA, and MASON STEINBERG,

Defendants.

8:22CV349

MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's "Motion for Continuance" which the Court construes as a motion to extend time to submit an initial partial filing fee payment and to convert his case from a civil rights complaint under 42 U.S.C. § 1983 to a habeas petition under 28 U.S.C. § 2254. Filing No. 10. For the reasons set forth below, Plaintiff's motion to convert shall be denied and his motion for extension of time shall be granted.

On October 6, 2022, Dorsey Taylor Sr., a state prisoner confined in the Lincoln Diagnostic & Evaluation Center, filed what the Court deemed a *pro se* civil rights complaint under 42 U.S.C. § 1983, Filing No. 1, and a motion for leave to proceed to proceed in forma pauperis ("IFP Motion"), Filing No. 2. The Court granted the IFP Motion on October 17, 2022, pursuant to 28 U.S.C. § 1915(b)(1), applicable to § 1983 cases, and ordered Plaintiff to pay an initial partial filing fee of $19.76 within 30 days. Filing No.

10. Following the granting of the IFP Motion, Plaintiff filed a motion seeking an order "dismissing his IFP status and issue[ance of] an order for Plaintiff not to pay the $350.00 filing fee," Filing No. 7, and a Supplement, Filing No. 8, explaining that he did not intend to file his claims under 42 U.S.C. § 1983, and requesting that the Court "suspend" the requirement to pay the filing fee until he can retain or be appointed counsel and determine if he wished to proceed under § 1983, Filing No. 7 at 1, 5.[1] The Court denied his motion, Filing No. 9, after which Plaintiff filed the instant motion.

As an initial matter, the Court routinely allows plaintiffs additional time to pay an initial filing fee. See e.g. Castonguay v. Douglas Cnty. Correction Ctr., No. 8:09CV225, 2009 WL 2840533, at *2 (D. Neb. Sept. 2, 2009) (extending time to pay initial filing fee due to lack of funds); Alowonle v. Dep't of Corr. - MCF/WRML, No. CIV. 09-1898 ADM/AJB, 2010 WL 428556, at *1 (D. Minn. Feb. 2, 2010) (discussing prior approval of initial filing fee extension in 1983 action). It is unclear though why Plaintiff seeks an extension of time to pay the initial filing fee as his motion only alludes to the need to evaluate and "further investigate" his claims before proceeding but does not set forth a specific basis for the extension request or the amount of time needed. See Filing No. 10. However, as the Court has substantial latitude when considering requests for additional time to pay filing fees, Plaintiff shall be given additional time to comply.

In relation to Plaintiff's request to convert his case, courts "usually should not convert civil complaints into habeas corpus actions, even if the pro se litigant has mistaken the nature of his claim." See Marshall v. Curran, No. 22-CV-439-JDP, 2022 WL

---

[1] In his motion seeking dismissal of his IFP status[deleted because confusing, IFP status isn't pursuant to § 1983], Plaintiff also sought appointment of counsel, Filing No. 7, which was denied, Filing No. 9.

6103249, at *1 (W.D. Wis. Oct. 7, 2022) (citing *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002)). The Seventh Circuit explained the reasoning behind this general prohibition as follows:

> [S]ince the enactment of the Prison Litigation Reform Act of 1996 (PLRA) and the Antiterrorism and Effective Death Penalty Act (AEDPA) of the same year, there are pitfalls of different kinds for prisoners using the wrong vehicle. If a person files a case as a civil rights action that should have been brought under the habeas corpus statutes, "conversion" triggers a much shorter statute of limitations and stringent rules about the ability to file successive petitions. If a person files a habeas corpus petition that should be presented under other statutes, he or she may become subject to the three-strikes rule of the PLRA and somewhat different exhaustion requirements.

*Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002) (internal citations omitted).

While under some circumstances, a court may convert a plaintiff's § 1983 complaint to a habeas petition, in order to make such a determination the Court must first review the allegations set forth in a complaint to determine if the plaintiff's claims could be brought in a habeas petition. *Presnell v. Bowman*, No. 2:07-CV-77, 2007 WL 2227519, at *1 (E.D. Tenn. July 31, 2007); *see also Williams v. Handmen*, No. 11 CIV. 6918 LBS, 2013 WL 342702, at *2 (S.D.N.Y. Jan. 29, 2013) (explaining that where a petitioner's complaint contains "alleg[ations] that he was being held in state prison unlawfully, [a court] could convert his complaints to § 2254 habeas petition").

In his Complaint, Plaintiff alleges the following single claim: "Amber Gigstad was instrumental in the 2015 riot. She and Shelly Hayes forced me into P.C. after encouraging my cellies to start fights. PREA is filed on Hayes. This continued until she came to seg and gave me poisoned tea." Filing No. 1 at 5 (spelling and capitalization corrected). On an additional sheet attached to his Complaint, Plaintiff further alleged that during his incarceration his mail is being tampered with, he cannot "get phone numbers added that

are verified," he is harassed by medical staff and given medications he does not want, and he receives threats, presumably from prison staff, to transfer him to "N.S.P. or T.S.C." *Id.* at 7.

The federal habeas statute gives this Court jurisdiction to entertain petitions for habeas relief only from those who are "in custody" in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2254(a). The Supreme Court has interpreted the statutory language as requiring the petitioner to be in custody under the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (citation omitted). The Eighth Circuit has specifically held that claims challenging conditions of confinement are not cognizable in a Section 2254 proceeding. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (explaining that where a prisoner does not challenge the validity of their conviction or the length of their detention, the district court lacks the power of subject matter jurisdiction to issue a writ of habeas corpus).

Here, Plaintiff's allegations do not relate to his conviction or sentence, and instead solely address issues relating to treatment by prison staff and complaints related to access to services while incarcerated. *See* Filing No. 1 at 5, 7. As a result, as Plaintiff's claims regarding his conditions of confinement are not cognizable in a habeas corpus petition, his request to convert his Complaint must be denied.

IT IS THEREFORE ORDERED that the motion is granted in part and denied in part as follows:

4

1. Plaintiff's Motion for Extension of Time, Filing No. 10, to the extent he seeks additional time to pay his initial filing fee, is granted. Plaintiff shall have until **January 3, 2023**, to file his initial filing fee.

2. Plaintiff's Motion to Convert his Complaint to a petition under 28 U.S.C. § 2254, Filing No. 10, is denied.[2]

3. The Clerk's Office is directed to set the following pro se case management deadline: **January 3, 2023**: check for initial IFP payment.

Dated this 2nd day of December, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court

---

[2] The Court notes, as set forth in its prior Memorandum and Order, Plaintiff still may voluntarily dismiss this action by filing a proper notice or motion under Rule 41(a) if he so chooses. See Filing No. 9. Additionally, if Plaintiff wishes to challenge his custody and/or conviction, he may do so by filing a separate habeas petition which requires the payment of a $5 filing fee unless the petitioner is allowed to proceed in forma pauperis. The Clerk's Office can provide habeas petition forms to Plaintiff upon request.