IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DORSEY TAYLOR SR., et, al; <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF NEB., et-el; NEB. DEPT. OF CORRECTIONS & EMPLOYEES, some named, others not; AMBER GIGSTOEL, SHELLY HAYES, SWOBODA, Sgt; SARA, and MASON STEINBERG, <br><br> Defendants. | 8:22CV349 <br><br><br> **MEMORANDUM AND ORDER** |

Plaintiff Dorsey Taylor Sr., a prisoner incarcerated at the Lincoln Reception and Treatment Center, filed a pro se Complaint on November 6, 2022, Filing No. 1, a document filed on December 12, 2022, titled "Court Exhibit ( )," Filing No. 13, which this Court construes as a supplement to his Complaint, and a motion for status on March 31, 2023, Filing No. 14.[1] Upon consideration, Plaintiff's motion for status is granted, and this Memorandum and Order serves as notice of the status of Plaintiff's case. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A and, for the reasons set forth below,

---

[1] The Court notes that Plaintiff also filed a document on December 12, 2022, titled "Motion to Request Form Successive Habeas 2254," Filing No. 12, which is not related to the instant civil action and shall not be addressed further here.

finds that it is, but that in lieu of dismissal, the Court sua sponte grants Plaintiff leave to amend.

## I. SUMMARY OF COMPLAINT

The subject matter of this case arises from Plaintiff's allegations of "violations of civil, constitutional and continued complicity" against Amber Gigstoel, "a Nebraska State Penitentiary employee," Shelly Hayes and "Sgt. Swoboda," "Sara," and "Mason Steinberg," employees of Tecumseh State Correctional Institution. Filing No. 1 at 2–3.

The totality of support for his Complaint[2] is provided in the following narrative:

> Amber Gigstoel was instramental [sic] in the 2015 riot, she and Shelly Hayes forced me into P.C. [protective custody] after encouraging my cellies to start fights. PREA is filed on Hayes. This continued until she came to seg and gave me poisened [sic] tea.
>
> . . . .
>
> I realize this information is not complete on this claim. My mail is constantly being tampered with. I can't get phone number added that are verified. I am constantly being harassed by a medical [state or staff] who 22 years ago ordered me a toxic cocktail gave me diabetes, and he continue to threaten to send me to either N.S.P. [Nebraska State Penitentiary] or back to T.S.C. [Tecumseh State Correctional Institution]. And there is a list of inmates that say they have unlimited authority. I sent a letter to the bar assn. referral service over 1 month ago. I have not heard from them. Meanwhile, I continue to get cellies that smoke fentanyl. Is any of my mail going out?

*Id.* at 5, 7.

Plaintiff Complaint does not contain any statement of relief sought. *See Id.* at 5–6.

---

[2] While Plainitff filed a document the Court construes as supplemental to his Complaint, it contains no factual allegations. *See* Filing No. 13.

## II. APPLICABLE STANDARDS ON INIITAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

## III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). A § 1983 plaintiff must state *somewhere* in the complaint that the plaintiff "sues each and all defendants in both their individual and official capacities" otherwise it is presumed the claims are only official capacity claims. *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir.1989) (emphasis added).

As an initial matter, Plaintiff names "Sgt. Swoboda," "Sara," and "Mason Steinberg" as defendants, however the Complaint is silent as to their involvement in the claims alleged. This deficiency alone would allow the Court to dismiss all claims against Sgt. Swoboda," "Sara," and "Mason Steinberg." See *Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against defendants where pro se

3

complaint was silent as to the defendants except for their names appearing in the caption).

Moreover, pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Even liberally construed, Plaintiff's Complaint is difficult to understand and is lacking in key information which would allow it to proceed in its current form.[3] Unlike the three named defendants previously discussed, Plaintiff's Complaint does contain some allegations against Amber Gigstoel and Shelly Hayes by name, consisting of: (1) an allegation that Gigstoel was instrumental in a riot in 2015; (2) an allegation that Gigstoel

---

[3] While Plaintiff admits he is aware his claims are "incomplete," Filing No. 1 at 5, such a statement does not excuse or otherwise allow the Court to ignore the pleading requirements of Rule 8. *See RICKIE LYNN TIGUE, JR., ADC # 171131 PLAINTIFF v. BELCHER, et al. DEFENDANTS. Additional Party Names: Johnson, Robinson*, No. 2:23CV00107-KGB-JTK, 2023 WL 3171656, at *3 (E.D. Ark. Apr. 28, 2023) (requiring complaint amendment or dismissal where a plaintiff failed to allege harm and relief sought).

4

and Hayes "forced" Plaintiff into protective custody after encouraging his cell mates to start fights; and (3) an allegation that Hayes gave Plaintiff poisoned tea. Filing No. 1 at 5. While the Court construes Plaintiff's allegations that the starting of fights, being placed into "protective custody," and being poisoned as events which could cause harm, Plaintiff does not allege when or what harm he suffered as a result of the alleged events. See *Id.* Moreover, Plaintiff failed to state what relief he seeks, and the capacity of any the defendants in which he seeks such relief. Finally, Plaintiff references a riot in 2015 allegedly involving Gigstoel but fails to allege any facts which would render this information relevant to his Complaint, and even if Plaintiff had, any claim arising from the 2015 riot appears barred by the four-year statute of limitations period in Nebraska as Plaintiff's Complaint was not filed until 2022. See *Poor Bear v. Nesbitt,* 300 F. Supp. 2d 904, 913 (D. Neb. 2004) (holding that Neb. Rev. Stat. § 25-207 requires that actions for an injury to the plaintiff's rights be filed within 4 years from the date on which the action accrued).

### III. CONCLUSION

For the reasons set forth herein, Plaintiff's Complaint fails to state a claim upon which relief may be granted against any named Defendant and is subject to preservice dismissal under 28 U.S.C. §§ 1915(e) and 1915A. On the Court's own motion, Plaintiff will be given 30 days in which to file an amended complaint that states a plausible claim for relief against any or all Defendants and clearly explains what Defendants did to him, when Defendants did it, and how Defendants' actions harmed Plainitff. Plaintiff is advised that any amended complaint he files will supersede his original Complaint.

IT IS THEREFORE ORDERED that:

5

1. Plaintiff shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim or claims upon which relief may be granted against any or all named Defendants in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, this matter will be dismissed without further notice.

2. Plaintiff's motion for status, Filing No. 14, is granted as set forth in this Memorandum and Order.

3. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **June 9, 2023:** Check for amended complaint.

Dated this 9th day of May, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court